UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE EXCELLENT RAJ K. PATEL, THE EXCELLENT FROM ALL CAPACITIES<br><br>Plaintiff,<br><br>-against-<br><br>NEAL K. PATEL, SANJANA KUMAR,<br><br>Defendants. | 23-CV-8765 (LTS)<br><br>ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity jurisdiction against his brother and his brother's wife. (ECF 1.). By order dated October 18, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below, and orders Plaintiff to show cause, within 30 days, why a filing injunction should not be imposed.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Raj K. Patel filed this complaint against his brother, Neal K. Patel, and his brother's wife, Sanjana Kumar, and sets forth the following factual allegations. (ECF 1 ¶ 2.)

> Since watching Gangubai Kathiawadi, a 2022 Bollywood movie, Neal has called Raj "gangu" and "ganglia" a name of a child prostitute who become the madame of the facility, starting from existing the movie theater.
>
> Raj left Neal at the restaurant they were eating at after the movie because Neal could not stop calling him the name. Raj and Neal's parents picked Neal up.
>
> On May 17, Neal called me that, and I told him not to call me that again in writing.
>
> On Thursday, June 8th when Neal arrived from New York to Indianapolis, as soon as he entered into my motel room he said "sup, gangu" or "sup, ganglia."
>
> Patel has been suffering from stress, markedly since December 2017.
>
> I demanded an apology from Neal which he has failed to give.
>
> Neal is married to Sanjana, from the UAE, who holds a green card.
>
> I had initially sent Neal a demand with a draft complaint to stop calling me this on June 12.
>
> Neal visited Indianapolis after June 12th (and not the visit for the 4th of July weekend), and he walked into my room earnestly and said, "what's up, ganga."

(*Id.* ¶¶ 3-11.)

According to Plaintiff: (1) he and Neal "are in a brotherly contract not to commit these acts. Neal is mad [that] Raj is not going to Neal and Sanjana's marriage ceremony in the UAE in January 2023"; (2) Plaintiff "made porn in middle school and high school and was recently forced to leave law school from the University of Notre Dame and has constantly expressed sensitivity towards Neal's recent sexually charged name calling"; and (3) he and his brother are Hindu, and their "religion . . . demands that [Neal] stay loyal and submissive to [Plaintiff], but Neal did not when he called [Plaintiff] an offensive, harmful, and disparaging name." (*Id.* ¶¶ 1,

2

13, 77.) Plaintiff further claims that "venue is proper because Plaintiff has a filing bar in the" United States District Court for the Southern District of Indiana. (*Id.* ¶ 15.)

Plaintiff asserts claims of defamation, "verbal battery," trespass, harassment, "trespass of scope," invasion of privacy, "negligent breach of specific (social) duty," "breach of contract-in-law-duty," honest services fraud, fraud, "disbarment," and he also cites to 42 U.S.C. § 2000bb-3(a). Plaintiff seeks more than $500 million in damages for damage to his reputation and "mental pain and suffering." (*Id.* at ¶¶ 12-15, 28, 104-118.)

Plaintiff's address listed in the complaint is in Indiana, and he provides two Manhattan addresses for Defendants, one of which appears to be Plaintiff's brother's law office. (*Id.* at 3-4.)

After Plaintiff filed his complaint, he also filed a motion to file a redacted complaint;[1] an amended motion to file a redacted complaint; a second amended motion to file a redacted complaint; and a motion to "expedite an order to file" a redacted complaint. (ECF 7, 12-14.)

## DISCUSSION

Plaintiff purports to assert a number of state law claims[2] under the court's diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff

---

[1] In that submission, Plaintiff claims that this matter should proceed under seal for a number of reasons, including the fact that it could, in an unspecified way, prejudice his pending cases in the Ninth Circuit: *Patel v. His Majesty King Charles et al.*, 23-CV-7760 (C.D. Cal.); *Patel v. Univ. of Notre Dame*, No. 23-CV-6437 (C.D. Cal.); *Patel v. United States*, No. 23-CV-6281 (C.D. Cal.); *Patel v. United States*, No. 23-CV-7763 (C.D. Cal.); *Patel v. Alphabet Inc.*, No. 23-CV-3647 (N.D. Cal.); *Patel v. Alphabet Inc.*, No. 23-16181 (9th Cir.), *Patel v. United States*, No. 23-16178 (9th Cir.); *Patel v. United States*, No. 23-55768 (9th Cir.). (ECF 7 ¶ V.)

[2] Plaintiff does cite one federal statute, the Religious Freedom and Restoration Act, 42 U.S.C. §§ 2000bb, *et seq.* ("RFRA"), which prohibits the federal government from substantially burdening a person's exercise of religion unless the government can demonstrate that application of the burden (1) furthers a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. *Gonzales v. O'Centro Espirata Benificiente Uniao do Vegetal*, 546 U.S. 418 (2006). Because the named defendants in this lawsuit are Plaintiff's brother and sister-in-law, and there are no allegations of government involvement, RFRA bears no relevance to this matter.

3

must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff has made no allegations here regarding his state citizenship or defendants' state citizenship, although he provides an Indiana address for himself, and New York addresses for Defendants. Even if the Court assumes that the parties are diverse, however, Plaintiff has not alleged facts suggesting that, to a reasonable probability, his claims meet the $75,000.00 statutory jurisdictional amount for diversity jurisdiction.

There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (holding that the plaintiff's allegation regarding the amount in controversy was "conclusory and not entitled to a presumption of truth.") (summary order)).

Here, Plaintiff requests many hundreds of millions of dollars for alleged damage to his reputation and for pain and suffering; however, he has not alleged any facts showing damages to his reputation or any manifestations of damage to his reputation or his mental health. Thus, even accepting all facts alleged as true, Plaintiff's damages are speculative and fail to meet the amount in controversy for diversity jurisdiction. *See Dayter v. Ploof*, No. 22-CV-01246, 2022 WL 18399473, at *3 (N.D.N.Y. Dec. 16, 2022); *Trisvan v. Burger King Corp.*, No. 19-CV-6396, 2020 WL 1975236, at *2 (E.D.N.Y. Apr. 24, 2020) ("The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient."). Therefore, the Court finds that there is no diversity jurisdiction.

Even assuming Plaintiff could invoke the court's diversity jurisdiction, there are no facts in the complaint suggesting that Plaintiff can assert any viable state-law claims against his brother and sister-in-law. Plaintiff invokes a number of causes of action that appear wholly fabricated, including "verbal battery"; "trespass of scope," "negligent breach of specific (social) duty," "breach of contract-in-law-duty"; and "disbarment." These are not claims that arise under state law. Plaintiff's reference to "disbarment" may indicate Plaintiff's wish to see his brother disbarred from the practice of law, which is not a claim that Plaintiff can bring or a remedy that this Court can provide.

To the extent Plaintiff invokes actual state law causes of action, there are no facts alleged in the complaint giving rise to an inference that Plaintiff can state a claim of trespass, harassment, invasion of privacy, or fraud against his brother and sister-in-law. The only cause of

action arguably implicated by the facts alleged is defamation,[3] but there are insufficient facts to state such a claim.

A claim for defamation is an umbrella term that incorporates the "twin torts of libel and slander." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (citations omitted). "Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012) (internal quotation marks omitted). To allege defamation under New York law,[4] a plaintiff must show: (1) a written or oral defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or *per se* actionability. *Ganske v. Mensch*, 480 F. Supp. 3d 542, 551 (S.D.N.Y. 2020). New York courts encourage the resolution of "defamation claims at the pleading stage, 'so as not to protract

---

[3] Even where the defendant is a state actor rather than an individual acting in a private capacity, there is no federal cause of action for defamation because one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States. *Paul v. Davis*, 424 U.S. 693, 711-13 (1976) ("stigma" to reputation, by itself, is not a liberty interest sufficient to invoke the Due Process Clause); *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) ("[D]efamation is simply not enough to support a cognizable liberty interest.").

[4] "When a federal district court sits in diversity, it generally applies the law of the state in which its sits, including that state's choice of law rules." *In re Coudert Bros. LLP*, 673 F.3d 180,186 (2d Cir. 2012) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). As to libel claims, "New York applies the law of the state with the 'most significant interest in the litigation.'" *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 4100615, at *6 (S.D.N.Y. Aug. 20, 2014) (quoting *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999)). While there is a "presumptive rule in favor of the law of the plaintiff's domicile[,]" that rule "'does not hold true if . . . some other state has a more significant relationship to the issue or the parties.'" *Id.* at *7 (citation omitted). Because Plaintiff alleges that venue is proper in this District, (ECF 1 ¶ 15), the Court will apply New York law. In any case, the elements of a defamation claim under Indiana law are similar to those under New York law. *See LeSure v. Walmart Inc.*, No. 21-CV-472, 2022 WL 3647908, at *7 (E.D. Wis. Aug. 24, 2022) ("[T]o establish a claim for defamation [under Indiana law], a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages. Any statement actional for defamation must not only be defamatory in nature but false.") (quoting *Trail v. Boys & Girls Club of N.W. Ind.*, 845 N.E.2d 130, 136 (Ind. Apr. 12, 2006)).

litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.' " *Biro*, 883 F. Supp. 2d at 457

Here, Plaintiff alleges that his brother engaged in "sexually charged name calling," twice verbally, in a restaurant and a hotel room, and once via text. (*Id.* ¶¶ 3, 6, and at 17.) Because Plaintiff does not allege that his brother's text was seen by anyone other than Plaintiff, or that his comments were heard by anyone else, Plaintiff does not satisfy the publication element.[5] *See Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013) (holding that a defamatory statement "is not published if it is read by no one but the one defamed")

Moreover, even if the comments were seen or overheard by a third party, they are not actionable. "[O]nly a provable statement of fact is actionable as defamation." *Brahms v. Carter*, 33 F. Supp. 3d 192, 198 (E.D.N.Y. 2014) (citing *McNamee v. Clemens*, 762 F. Supp. 2d 584, 600 (E.D.N.Y. 2011)). For this reason, "rhetorical hyperbole, vulgar name-calling, and generalized insults are not, without more, actionable under the defamation laws." *Conti v. Doe*, 535 F. Supp. 3d 257, 282 n.9 (S.D.N.Y. 2021); *Brahms*, 33 F. Supp. 3d at 198 (holding that "'[l]oose, figurative or hyperbolic statements, even if deprecating [to] the plaintiff, [cannot] be the subject of a defamation action." (quoting *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st Dep't 1999)). Here, the references to Plaintiff as a "gangu" or "ganglia," which Plaintiff himself characterizes as "sexually charged name calling," (*Id.* ¶ 3), are not provable statements of fact, and thus plainly not actionable as a matter of law.

Finally, Plaintiff makes no specific allegations against his sister-in-law. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396

---

[5] The fact that Plaintiff does not allege publication further supports the determination that he cannot allege damages to his reputation that meet the statutory amount in controversy requirement under Section 1332.

F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted[.]") (citations omitted).

For all these reasons, Plaintiff fails to state a defamation claim under state law.

**DENIAL OF LEAVE TO AMEND, LITIGATION HISTORY, AND ORDER TO SHOW CAUSE**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, Plaintiff, a frequent litigator who apparently also has some legal training, is not entitled to the solicitude generally afforded to *pro se* litigants, *see Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Because of his history of pursuing frivolous litigation, he has been warned by multiple courts that he could face a filing injunction, and at least one court has already imposed that sanction. *See Patel v. United States*, No. 23-CV-04808 (N.D. Ill. July 28, 2023) ("Though this appears to be his first filing in the Northern District of Illinois, in view of the existing filing bar in the Southern District of Indiana and the numerous frivolous suits Patel has filed in this Circuit and across the country, the Court will refer Patel's case to the Executive Committee with a recommendation that a filing bar be imposed."). *See also Patel v. Patel*, 834 F. App'x 244 (7th Cir. Jan. 21, 2021) (Mem) (upholding dismissal for failure to state a claim and warning Plaintiff against filing frivolous appeals); *Patel v. United*

*States*, No. 2022-1131, 2022 WL 4956868, at *1 (Fed. Cir. Feb. 11, 2022) (warning Plaintiff that "future abuse of the judicial process through frivolous appeal may result in sanctions."); *Patel v. Biden*, No. 22-CV-465 (S.D. Ind. Mar. 24, 2022) (noting that Plaintiff had filed 27 frivolous cases around the country, and issuing a warning that he could be referred for a filing injunction).

Plaintiff previously filed one action in this court, and was warned that he could face a filing injunction if he persisted in filing lawsuits in this district that were deemed frivolous or vexatious. *See Patel v. United States*, ECF 1:21-CV-6553, 16 (LTS) (S.D.N.Y. Sept. 20, 2021) (listing 18 other cases that Plaintiff had filed that were dismissed on the merits).[6] This Court will not tolerate the abuse of its limited resources.[7] *McCracken v. R.E. Ginna Nuclear Power Plant, LLC*, No. 08-CV-6217, 2010 WL 1404115, at *5 (W.D.N.Y. Mar. 31, 2010) ("[O]nce a pattern of frivolous or harassing litigation has emerged, a district court 'need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith.'" (quoting *In re Martin-Tragona*, 737 F.2d 1254, 1262 (2d Cir. 1984))).

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a

---

[6] Plaintiff's previous suit against his brother, among other family members, and individuals, was dismissed by the Southern District of Indiana. *Patel v. Patel*, No. 20-CV-1772, 2020 WL 5204102, at *1 (S.D. Ind. Sept. 1, 2020) (dismissing complaint for lack of subject matter jurisdiction), *aff'd*, 834 F. App'x 244, 245 (7th Cir. 2021) ("We end by warning Patel, a frequent litigant in the Southern District of Indiana, that frivolous appeals may result in a monetary sanction, the nonpayment of which will lead to a filing bar [under local rules.]").

[7] Plaintiff essentially admits that he filed this complaint here because he is enjoined in another jurisdiction, which is further evidence of his penchant for abusing the judicial process.

9

litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this court within 30 days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed upon him. Should Plaintiff fail to submit an affirmation within the time directed, or should Plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions IFP in this court without first obtaining permission from this Court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All pending motions are denied as moot, and the Clerk of Court is directed to terminate them. (ECF 7, 12-14.)

Plaintiff shall have 30 days from the date of this order to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this court without prior permission. A declaration form is attached to this order. The Clerk of Court is directed to keep this matter open until civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|