UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE EXCELLENT RAJ K. PATEL,

Plaintiff,

-against-

NEAL K. PATEL; SANJANA KUMAR,

Defendants.

23-CV-8765 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, asserting state law claims under the Court's diversity of citizenship jurisdiction, against his brother and sister-in-law. Plaintiff alleged that his brother used a sexually charged slur against him in text messages and during a conversation that they had a restaurant. (ECF 1.) On January 3, 2024, the Court dismissed the action, holding that even if diversity of citizenship jurisdiction existed, the facts alleged did not give rise to a defamation claim, or any other state law claims. (ECF 15.) In that order, the Court further noted that Plaintiff: (1) has had some legal training;[1] (2) had filed numerous other cases in federal courts that were dismissed as frivolous or for failure to state a claim; and (3) had previously been warned that if he persisted in pursuing litigation in this court that lacked merit, he could be ordered to show cause why a filing injunction should not be imposed. (*Id.*) For these reasons, the Court ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* ("IFP") in this Court without prior permission.

[1] Plaintiff alleged that for an unspecified period of time, he attended law school at the University of Notre Dame. (ECF 1 ¶ 1.)

Plaintiff filed a declaration on January 8, 2024, claiming that a bar order should not issue because he "complied with all orders and rules as a faithful pro se litigant would," and because "a filing bar could have unintended prejudicial consequences towards all parties" in connection with a matter he has pending in this Court. (ECF 16 ¶¶ III, IV.) In light of Plaintiff's legal training, and the prior warnings issued by this and other courts, his arguments against imposing the bar order are insufficient. Even if Plaintiff complied with court orders in this case, he should have known, based on his background and litigation history, that this complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigants may be charged with knowledge of particular legal requirements).

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: January 9, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge